**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMED A. ABDULGHANI, | No. 11-70060 |
| Petitioner, | |
| v. | Agency No. A078-020-195 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Mohamed A. Abdulghani, a native and citizen of Yemen, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we deny the petition for review.

The record does not compel the conclusion that Abdulghani filed his asylum application within a reasonable time after his valid student visa status expired. *See id.* at 1181. Accordingly, Abdulghani's asylum claim fails.

Abdulghani does not challenge the agency's finding that he failed to demonstrate past persecution in Yemen. Further, substantial evidence supports the agency's determination that Abdulghani has not shown it is more likely than not that he will be persecuted by his former girlfriend's tribe when eighteen years have passed since he left Yemen, his former girlfriend has since married, and the country reports do not compel the conclusion a man in Abdulghani's position is subject to harm. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (future harm too speculative). We reject Abdulghani's contention that the BIA did not adequately consider all his evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner had not overcome the presumption that the BIA reviewed the record). Accordingly, Abdulghani's withholding of removal claim also fails.

Finally, Abdulghani's CAT claim fails because he failed to establish it is more likely than not that he faces torture if removed to Yemen. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("To receive relief under CAT, Petitioner has the burden of showing that he 'is more likely than not to be tortured in the country of removal.'").

**PETITION FOR REVIEW DENIED.**